# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CORTEZ GATLIN, *Plaintiff*, v. THOMAS PISCITELLI, *et al.*, *Defendants.* | Civil Action No. 18-2716 (RDM) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a federal prisoner proceeding *pro se*, brings this action under the Federal Tort Claim Act ("FTCA"), 28 U.S.C. § 1346, against the United States and against three individual Federal Bureau of Prisons ("BOP") employees under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Dkt. 10. The United States moves to dismiss the amended complaint, arguing that the Court lacks subject-matter jurisdiction and that venue is improper in this district. Dkt. 11. For the reasons explained below, rather than grant the United States' motion to dismiss, the Court concludes that it is in the interest of justice to transfer this case to a proper venue pursuant to 28 U.S.C. § 1406(a).[1]

## I. BACKGROUND

The following facts are derived from Gatlin's complaint and, for the purposes of evaluating the United States' motion to dismiss, are taken as true. *See Am. Nat'l Ins. Co. v.*

---

[1] The Supreme Court has recognized that a district court "has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'" *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)); *see also Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979)

*FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011).  Plaintiff Cortez Gatlin is a federal prisoner serving his sentence in the custody of the Federal Bureau of Prisons.  Dkt. 10 at 1 (Am. Compl. ¶ 3).  He is currently confined at the Federal Correctional Institution in Cumberland, Maryland ("FCI Cumberland") and was previously confined at the Federal Correctional Complex in Petersburg, Virginia ("FCC Petersburg").  *See id.*; *see also id.* at 10 (showing Gatlin's current address to be at FCI Cumberland).  Gatlin alleges that, while he was incarcerated at FCC Petersburg, he ingested a screw that was in a meal served to him by BOP food-service personnel, *id.* at 3 (Am. Compl. ¶ 9), and that BOP medical personnel failed to provide him adequate treatment following that incident, *id.* at 3–6 (Am. Compl. ¶¶ 9–16).  He brings this action under the FTCA against the United States, and under the FTCA and the Eighth Amendment against the individuals defendants: Thomas Piscitelli, a BOP medical officer allegedly responsible for "the health and care of inmates" at FCC Petersburg; Jeff Green, a former BOP employee responsible for all food preparation at FCC Petersburg; and Mohamed Moubarek, BOP's Clinical Director at FCI Cumberland.  Dkt. 10 at 8–9 (Am. Compl. ¶¶ 24–31).

The United States removed this action to this Court from the Superior Court of the District of Columbia.  Dkt. 2.  A week later, the United States certified pursuant to 28 U.S.C. § 2679(d) that the three individual defendants "were acting within the scope of their employment as employees of the United States at the time of the alleged incident."  Dkt 5 at 23 (Van Horn Certification).  Based on that certification, which Gatlin does not challenge, the United States must be substituted as the sole defendant for purposes of Gatlin's FTCA claims.  *See* 28 U.S.C. § 2679(d)(2) (providing that upon such certification, "the United States shall be substituted as the

---

(upholding a court's power to address venue before personal jurisdiction); *Ruhrgas*, 526 U.S. at 584 (approving a court's resolving personal jurisdiction before subject-matter jurisdiction).

party defendant"). That same day, the United States moved to dismiss the complaint, Dkt. 5. In response, Gatlin moved for leave to amend, Dkt. 8, which the Court granted, Minute Order (Feb. 18, 2019).

After granting Gatlin's motion for leave to amend, the Court denied the United States' motion to dismiss as moot. Minute Order (Feb. 18, 2020). The United States then moved to dismiss the amended complaint on several grounds. Dkt. 11. First, it contends that the case should be dismissed because the Court lacks subject-matter jurisdiction under the doctrine of derivative jurisdiction, which, in general terms, holds that if the state court where the action was originally filed lacked subject-matter jurisdiction, upon removal the federal court also lacks jurisdiction even if it would have had subject-matter jurisdiction if the suit originally had been filed there. *See* Dkt. 11-1 at 4–5 (citing, for example, *McKoy-Shields v. First Wash. Realty, Inc.*, No. 11-cv-01419, 2012 WL 1076195, at *2 (D.D.C. Mar. 30, 2012)). Second, the United States argues that the Court lacks subject-matter jurisdiction because Gatlin failed to exhaust his administrative remedies before filing his original complaint. *Id.* at 5–7 (relying, among other authorities, on *Simpkins v. District of Columbia*, 108 F.3d 366, 371 (D.C. Cir. 1997)). Finally, the United States moves to dismiss under Federal Rule of Civil Procedure 12(b)(3) for improper venue. *Id.* at 9–10.

## II. ANALYSIS

An action brought under the FTCA "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Here, the actions complained of occurred in Virginia and Maryland. *See* Dkt. 10 at 3–8 (Am. Compl. ¶¶ 9–23). For present purposes, moreover, Plaintiff resides in Maryland because, under the law of this circuit, a prisoner resides "at his place of confinement." *In re*

*Pope*, 580 F.2d 620, 622 (D.C. Cir. 1978) (per curiam); *see also Spotts v. United States*, 562 F. Supp. 2d 46, 53 n.9 (D.D.C. 2008); Dkt. 10 at 10 (indicating that Gatlin is incarcerated at FCI Cumberland in Maryland). Plaintiff, therefore, has brought this action in the wrong judicial district.

If a case is filed in the wrong district, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Although transfer is generally favored, dismissal is appropriate where a plaintiff's claims have "obvious substantive problems." *Ananiev v. Wells Fargo Bank, N.A.*, 968 F. Supp. 2d 123, 132 (D.D.C. 2013) (internal citation and quotation omitted). This is not such a case. To begin, it is unclear whether the doctrine of derivative jurisdiction applies when, as here, a plaintiff has filed an amended complaint following removal, *see, e.g.*, *Rodas v. Seidlin*, 656 F.3d 610, 629 (7th Cir. 2011) (suggesting that "any defect in removal created by the doctrine of derivative jurisdiction" can be cured by filing an amended complaint), and the parties have yet to address that question. In addition, because Gatlin alleges that he filed an administrative claim on January 1, 2018, *see* Dkt. 13 at 3; *see also* Dkt. 10 at 7 – 8 (Am. Compl. ¶ 23) (referencing an administrative response to a complaint by Plaintiff), it is not obvious on the present record that he failed to exhaust his administrative remedies prior to filing his original complaint.

Nor do any of the grounds on which the United States has moved to dismiss for lack of jurisdiction apply to the individual defendants. The doctrine of derivative jurisdiction is inapplicable to Gatlin's Eighth Amendment *Bivens*-claim brought against the individual defendants because states—or here, the District—possesses concurrent jurisdiction to adjudicate constitutional claims. *See Tafflin v. Levitt*, 493 U.S. 455, 458 (1990); *cf.* Dkt. 11-1 at 4 (arguing that, under the doctrine of derivative jurisdiction, the threshold question "is whether, prior to

removal, the Superior Court for the District of Columbia had jurisdiction over the parties" (internal citation and quotation omitted)).  Likewise, the United States' failure-to-exhaust argument does not provide a basis to dismiss the claims against the individual defendants for lack of jurisdiction because, although "prisoners suing under *Bivens* . . . , must first exhaust inmate grievance procedures," *Porter v. Nussle*, 534 U.S. 516, 524 (2002), that "requirement is not jurisdictional," *Woodford v. Ngo*, 548 U.S. 81, 101 (2006).

Because there are no "obvious substantive problems" with the amended complaint, *see Ananiev*, 968 F. supp. 2d at 132 (internal citation and quotation omitted), the Court concludes that it is in the interest of justice to transfer the case to a judicial district "in which it could have been brought," 28 U.S.C. § 1406(a); *see also Fam v. Bank of Am. NA (USA)*, 236 F. Supp. 3d 397, 410 (D.D.C. 2017) (noting that there is a "strong presumption in favor of transfer" unless the complaint contains "obvious substantive defects").  Here, the action could have been brought in the District of Maryland, where Gatlin currently resides for purposes of venue, or in the Eastern District of Virginia, where the bulk of the acts or omissions complained of occurred.  *See* Dkt. 10 at 3–6 (Am. Compl. ¶¶ 9–16) (describing the alleged screw-ingestion incident and subsequent medical care at FCC Petersburg).  Because the bulk of the evidence is likely located

in the district where the complained-of tort primarily occurred the Court will transfer the case to the Eastern District of Virginia.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that this case be **TRANSFERRED** to the United States District Court for the Eastern District of Virginia.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: January 31, 2020